**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA

vs.                                                            CASE NO.  5:04cr59/MCR

ROGER V. EVANS

_____/

**O R D E R**

While serving a term of imprisonment in the Florida State Department of Corrections for unrelated charges, defendant appeared before this court on a writ to face federal charges which were brought against him by Indictment dated October 20, 2004.  (Doc. 1). Defendant entered a guilty plea as to all three counts of the Indictment and was initially sentenced by this court on August 3, 2005.[1]  On appeal, the Eleventh Circuit Court of Appeals affirmed the conviction but vacated the sentence as to Count I and remanded for resentencing, finding that this court improperly applied the  § 18 U.S.C. 3559 enhancement.[2]  Defendant was scheduled for resentencing before this court.  Prior to resentencing, however, defense counsel requested that defendant be evaluated for mental competency.  (Doc. 91).  By Order dated July 3, 2007, the court granted the request and defendant was committed to the custody of the Attorney General for placement in a suitable facility for evaluation.  (Doc. 93).  Following the mental evaluation, a competency hearing was conducted and the court found defendant was not competent to proceed to resentencing.  (Doc. 97).  Defendant was again committed to the custody of the Attorney

---

[1] Defendant was initially sentenced to life imprisonment for Count 1; 120 months for Count 2; and 96 months for Count 3.  Counts 1-3 to run concurrently one with the other.  This federal sentence to run consecutive to the state sentence the defendant is presently serving.

[2] The Mandate issued April 24, 2007.  (Doc. 79).

General to be hospitalized for treatment in a suitable facility for such a reasonable period of time, not to exceed 4 months. (Doc. 98). On July 29, 2008, the court conducted another competency hearing at which time defendant was found competent to proceed to resentencing. Defendant was brought before the court for resentencing on August 26, 2008 and was sentenced to a term of 75 months as to Counts 1, 2 and 3, to run concurrent to one another and to run consecutive to any state prison term defendant is presently serving. Defendant has filed an appeal which has been referred to the Eleventh Circuit Court of Appeals. This matter is now before the court on defendant's untitled pleading dated October 7, 2008. (Doc. 115).

In the court's review of defendant's pending pleading/motion, it notes two enumerated issues: "<u>Issue - 1</u>  Whether appellants amended statements of reasons are being adhere[d] to by state prison system" and "<u>Issue - 2</u> Whether defendant was improperly classified with said American Disabilities Act 42 U.S.C. §§ 12101-12213, because state prison system neglects people with mental disabilities (ie, mental disorder)." As to the issues, the court notes first that its recommendation to the Bureau of Prison that defendant participate in a program for mental health treatment as contained in the Amended Judgment (doc. 108) pertains only to the federal sentence. Next, to the extent defendant is requesting relief or modification to his state sentence, this court has no authority to grant same. Finally, any such request is improperly filed in this criminal matter. Should defendant have any legal cause of action against or seek any relief from the Florida Department of Corrections regarding his term of incarceration there, he must file a separate civil action. Accordingly, Defendant's untitled pleading (doc. 115) is DENIED.

**DONE and ORDERED** this 17th day of October, 2008.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT COURT**

Case No.: 5:04cr59/MCR